UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROGER B. SMITH,

    Plaintiff,

    v.

CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, et al.,

    Defendants.

Case No.  13-cv-01022-JST (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTIONS TO CLERK**

## INTRODUCTION

Plaintiff , an inmate at the San Francisco County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983.  His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  See id. at § 1915A(b).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

In his complaint, plaintiff alleges that he was subjected to excessive force in July 2011 at the Martinez Detention Facility. He alleges that "unknown deputies broke arm, punched five times in head, and kicked in head." (Docket # 1, p. 3.) He does not know their names, and has sued them as "Does # 1 + 2, Contra Costa County Sheriffs Deputies."

The Eighth Amendment's prohibition of cruel and unusual punishments protects an inmate from force used maliciously and sadistically for the very purpose of causing harm. See generally Hudson v. McMillian, 503 U.S. 1, 6 (1992). Liberally construed, the complaint states a § 1983 claim against the John Doe deputies for an Eighth Amendment violation. However, the Doe defendant problem needs to be solved by plaintiff.

The deputies who allegedly used force have been sued as John Doe defendants. The use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name. Plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each of the John Doe deputies and provide that information to the Court in his amended complaint. He may, for example, write to the jail to obtain a copy of his custodial records and medical records, which might have the deputies' names on them. The burden remains on the plaintiff; the Court cannot undertake to investigate the names and identities of unnamed defendants.[1]

---

[1]If plaintiff fails to identify any Doe defendant by his or her true name in the amended complaint, what happens will depend on whether he states a claim against any other defendant in his amended complaint. If he fails to state a claim against any named defendant, the Court will dismiss the action – including the action against the Doe defendants – without prejudice to him filing an action against one or more of the Doe defendants if he ever learns their true identities. On the other hand, if plaintiff does state a claim against one or more named defendants in his amended complaint, the Court will order the amended complaint served on all named defendants against whom claims are stated, and plaintiff will be given a reasonable time for discovery to attempt to learn the identities of the Doe defendants and provide such names to the Court. If, after a reasonable amount of time for discovery has been allowed and plaintiff still has not provided the true names for the Doe defendants, they will be dismissed.

Although any dismissal of a Doe defendant due to plaintiff's inability to provide a true name for

The complaint does not state a claim against the defendants for which plaintiff did provide names: the Contra Costa County Sheriff's Department and the Martinez Detention Facility. The former is an arm of Contra Costa County, and the latter is a place. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that an entity is liable simply because it employs a person who has violated plaintiff's rights. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Contra Costa County does not have liability based solely on the fact that it employed the alleged wrongdoing deputies. However, local governments, such as Contra Costa County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell, 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not made any such allegations. The municipal defendant is dismissed. Plaintiff is granted leave to file an amended complaint in which he may attempt to allege a Monell claim against Contra Costa County.

## CONCLUSION

1.      The complaint is DISMISSED with leave to amend so that plaintiff may attempt to state a claim against the municipality and so that he may attempt to provide the true names of the defendants identified in his complaint as Doe Deputies.

2.      The amended complaint must be filed no later than **July 31, 2013**, and must include the caption and civil case number used in this order (13-cv-01022-JST (PR)) and the words

---

him or her would be without prejudice, he is cautioned that a statute of limitations restricts the time within which a § 1983 action may be filed and may impair his ability to bring an action against them later. The statute of limitations for a § 1983 action is two years; that period may be extended, however, with tolling of the limitations period for, among other things, continuous imprisonment or the pendency of criminal charges that relate to the claims filed. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994); Cal. Civ. Proc. Code §§ 335.1, 352.1; Cal. Gov't. Code § 945.3. The Court expresses no opinion whether there are grounds for tolling here.

3

1 AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior

2 complaint by reference.  **Failure to file the amended complaint by the deadline will result in**

3 **the dismissal of the action.**  The Clerk of the Court shall send plaintiff a blank civil rights form

4 along with his copy of this order.

5       3. Plaintiff is advised that an amended complaint supersedes the original complaint.

6 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in

7 the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

8 Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet,

9 963 F.2d 1258, 1262 (9th Cir. 1992).

10       4. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

11 informed of any change of address by filing a separate paper with the Clerk headed "Notice of

12 Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so

13 may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

14 Procedure 41(b).

15     **IT IS SO ORDERED**.

16 Dated:  June 4, 2013



                                   JON S. TIGAR
                              United States District Judge

United States District Court
Northern District of California